IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number:  12-cv-01830-CMA-MEH

COLORADO MILLS, LLC, a Colorado limited liability company,

    Plaintiff,

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania insurer,

    Defendant.

## SCHEDULING ORDER

**1.     DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

The scheduling conference in this matter has been set for September 24, 2012, at 9:45 a.m.

At the scheduling conference, Plaintiff Colorado Mills, LLC ("Colorado Mills") will be represented by:

    Patrick D. Vellone, Esq.
    Jordan Factor, Esq..
    ALLEN & VELLONE, P.C.
    1600 Stout Street, Suite 1100
    Denver, CO 80202
    303-534-4499

Defendant, Philadelphia Indemnity Insurance Company ("Philadelphia") will be represented by:

Lisa F. Mickley, Esq.
HALL & EVANS, LLC
1125 17th Street, Suite 600
Denver, CO 80202
(303) 628-3300

Brian D. Harrison, Esq. (by telephone)
Christina Y. Ahn, Esq.
SEDGWICK LLP
333 Bush Street, 30th Floor
San Francisco, CA 94107
(415) 781-7900

## 2.   STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Colorado Mills is a limited liability company with its Articles of Organization filed in the State of Colorado. Colorado Mills' members are citizens of the State of Colorado. Philadelphia is a corporation organized and incorporated under the laws of the State of Pennsylvania, with its principal place of business in Bala Cynwyd, Pennsylvania.

## 3.   STATEMENT OF CLAIMS AND DEFENSES

a.   <u>Plaintiff</u>:

Plaintiff has asserted four causes of action: (1) Breach of Contract; (2) Equitable Estoppel; (3) Insurer Bad Faith; and (4) Violation of C.R.S. §§ 10-3-1115 & 6-1-101, *et seq.* This case arises from Defendant's bad faith denial of insurance benefits to which Plaintiff was entitled. Specifically, Philadelphia, in bad faith, breached its duty to defend and/or advance defense fees in connection with covered claims asserted against Plaintiff.

b. <u>Defendant</u>:

Philadelphia denies that it has breached any obligations under the claims made Policy issued to Colorado Mills. Philadelphia contends that its coverage position is correct and that Colorado Mills' suit alleging breach of contract, equitable estoppel, bad faith, and violations of C.R.S. § 10-3-1115 and C.R.S. § 6-1-101 *et seq.* is without merit. No coverage is afforded under the Policy because the Claim was not first made during the policy period as required and Colorado Mills made material representations in the Application for insurance.

Moreover, Philadelphia did not have a duty to defend under the Policy, and if Philadelphia had any obligation, it would be to advance or reimburse defense costs only. Colorado Mills' December 8, 2010 notice letter expressly tendered this matter "pursuant to Part 6, III (B) of the policy." This provision states, in relevant part, that "*[i]f the Insured is defending a Claim pursuant to A. above*, the Underwriter shall advance Defense Costs prior to the final disposition of a Claim." (emphasis added.) Part 6, Common Policy Condition III.A. provides, in relevant part, that "[t]he Insured and not the Underwriter shall have the responsibility to defend any Claim." Philadelphia also maintains that Colorado Mills never tendered the defense; at most, Philadelphia agreed to reimburse under a reservation of rights.

## 4.     UNDISPUTED FACTS

The following facts are undisputed:

a.     Philadelphia issued a "Private Company Protection Plus" policy of insurance to Colorado Mills, with the number PHSD508582 for the period of March 1, 2010 to March 1, 2011 (the "Policy").

b.     On February 24, 2008, Colorado Mills and Sunrich, LLC ("Sunrich") formed a joint venture, Colorado Sun Oil Processing, LLC ("CSOP").

c.     Certain disputes arose between Colorado Mills and Sunrich. A mediation occurred between Colorado Mills and Sunrich on March 3, 2010.

d.     On or about March 16, 2010, Colorado Mills filed a verified complaint for judicial dissolution, prejudgment attachment, and appointment of an arbitrator in Prowers County District Court against Sunrich and CSOP, case number 2010cv14.

e.     On or about September 30, 2010, Colorado Mills submitted a Demand for Arbitration and Statement of Claims to the Judicial Arbiter Group, Inc. ("Judicial Arbiter Group").

f.     On or about October 15, 2010, Sunrich submitted an answer, affirmative defenses, and counterclaims to the Judicial Arbiter Group.

g.     On or about December 8, 2010, Colorado Mills provided notice to Philadelphia of Sunrich's counterclaims in the arbitration and demanded that Philadelphia provide a defense and indemnify Colorado Mills for all of the claims raised against Colorado Mills by Sunrich in the arbitration proceeding.

  h. In a letter dated March 21, 2011, Philadelphia agreed at that time to reimburse Colorado Mills' defense costs, subject to a reservation of all rights.

  i. In letters dated May 27, June 17, and June 29, 2011, Colorado Mills requested reimbursement or payment of defense costs or fees.

  j. On June 30, 2011, Philadelphia advised Colorado Mills that coverage could not be afforded.

  k. To date, Philadelphia has not advanced or reimbursed defense fees to Colorado Mills.

### 5. COMPUTATION OF DAMAGES

<u>Plaintiff</u>:

Plaintiff seeks direct and consequential damages based on Philadelphia's breach of contract, bad faith handling of Colorado Mills' claim, and statutory violations. Colorado Mills' defense costs exceeded the amount of coverage available under the Policy. Therefore, Colorado Mills' base damages equal, at a minimum, the limits of liability, which is $500,000 for each policy period. In addition, Colorado Mills is entitled to double damages pursuant to C.R.S. § 10-3-1116 and treble damages pursuant to C.R.S. § 6-1-113, in addition to an award of its attorney's fees.

<u>Defendant</u>:

Philadelphia denies that Colorado Mills is entitled to any relief whatsoever because there is no breach of contract and, therefore, no bad faith or statutory violations. Further, even if there was coverage for defense costs, Colorado Mills' claim would be limited to those costs incurred to defend against Sunrich's counterclaims and

would not include fees Colorado Mills incurred to prosecute its own affirmative claim. Additionally, pursuant to C.R.S. 10-3-1116(5), Philadelphia is entitled to an award of fees and costs.

**6.     REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)**

a.     The parties conducted their Rule 26(f) meeting on August 31, 2012.

b.     Jordan Factor, Esq. represented Plaintiff at the meeting. Lisa F. Mickley, Esq., Brian D. Harrison, Esq., and Christina Y. Ahn, Esq., represented the Defendant.

c.     The parties agree to make their Rule 26(a)(1) disclosures on or before September 21, 2012. The parties have good cause to do so to account for the nature of this case.

d.     The parties have not proposed any changes regarding the requirements of initial disclosures under Fed R. Civ. P. 26(a)(1). However, during the Rule 26(f) meeting, the parties agreed to exchange initial disclosures within 21 days after the meeting.

e.     The parties have not reached any agreement regarding informal discovery.

f.     The parties agree to cooperate in order to reduce the costs of litigation and expedite the just disposition of the case. Pursuant to Judge Arguello's Civil Practice Standards, counsel will meet and confer at least two (2) weeks before an evidentiary hearing and the Final Trial Preparation Conference to prepare a joint list of exhibits that they expect to offer.

g.     The parties do not anticipate that their claims or defenses will involve extensively electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.  The parties have taken steps to preserve electronically stored information.

h.     The parties have discussed the possibilities for a prompt settlement or resolution of the case by alternative dispute resolution.  Although the parties welcome the opportunity to participate in a settlement conference conducted by the magistrate judge, Philadelphia believes that such a conference would be more productive if scheduled after the parties have had an opportunity to file a motion or cross-motions for summary judgment.  Colorado Mills believes that such a conference would be more productive before the Court rules on any such motion or cross-motions for summary judgment.

## 7.     CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.     DISCOVERY LIMITATIONS

a.     The parties do not propose any modifications to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

b.     The parties propose no limitations on the length of depositions beyond that provided in Fed. R. Civ. P. 30(d)(1).  However, the parties may need additional time to conduct Rule 30(b)(6) depositions and reserve their positions with respect to those depositions.

    c.      Each side may pose 25 requests for production and 25 requests for admission.

    d.      The parties do not have any other proposed orders concerning scheduling or discovery at this time.

### 9. CASE PLAN AND SCHEDULE

    a.      The deadline for joinder of parties and amendment of pleadings shall be October 15, 2012.

    b.      Discovery Cut-off:      March 15, 2013

    c.      Dispositive Motion Deadline:      March 22, 2013

    d.      Expert Witness Disclosure

        1.      The parties expect to present expert testimony relating to insurance claims handling and possibly relating to the calculation of damages.

        2.      The parties propose limiting each side to two expert witnesses, including one rebuttal witness for each expert witness designated by the opposing party.

        3.      The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 1, 2013.

        4.      The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 1, 2013.

    e      Identification of Persons to be Deposed.

Plaintiff expects to depose the following persons:

    i.    Susan Shue.  Colorado Mills anticipates that the deposition will take 4 to 7 hours.

    ii.    A Rule 30(b)(6) representative.  Colorado Mills anticipates that the deposition will take at least 7 hours.

Defendants expect to depose the following persons:

    i.    George Tempel, President, Colorado Mills.  Philadelphia anticipates that the deposition will take 4 to 7 hours.

    ii.    Timothy Hume, President, Colorado Mills Board of Directors.  Philadelphia anticipates that the deposition will take 4 to 7 hours.

    iii.    A Rule 30(b)(6) representative.  Philadelphia anticipates that the deposition will take 4 to 7 hours.

    f.    Deadline for Service of Interrogatories: Thirty days before the discovery cut-off date.

    g.    Deadline for Service of Requests for Production of Documents and/or Requests for Admission:    Thirty days before the discovery cut-off date.

## 10.    DATES FOR FURTHER CONFERENCES

    a.    Status conferences will be held in this case at the following dates and times: _____.

    b.    A final pretrial conference will be held in this case on May 22, 2013 at 9:30 o'clock a.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.     OTHER SCHEDULING MATTERS

a. The parties do not have any discovery or scheduling issues on which counsel, after a good faith effort, were unable to reach an agreement.

b. The trial is anticipated to last five days and will be to a jury.

c. The parties have not identified any pretrial proceedings that they believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado, Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado.

## 12.     NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this 24th day of September, 2012, in Denver, Colorado.

BY THE COURT:

   S/Michael E. Hegarty
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| *s/ Jordan Factor*<br>ALLEN & VELLONE, P.C.<br>Patrick D. Vellone<br>Jordan Factor<br>1600 Stout Street, Suite 1100<br>Denver, CO 80202<br>Phone:  (303) 534-4499<br>mwolf@allen-vellone.com<br>jfactor@allen-vellone.com<br>ATTORNEYS FOR THE PLAINTIFF | *s/ Lisa F. Mickley*<br>HALL & EVANS, LLC<br>Lisa F. Mickley, Esq.<br>1125 17th Street, Suite 600<br>Denver, CO 80202<br>Phone: (303) 628-3300<br>mickleyl@hallevans.com<br><br>*s/ Brian D. Harrison*<br>SEDGWICK LLP<br>Brian D. Harrison, Esq.<br>Christina Y. Ahn, Esq.<br>333 Bush Street, 30th Floor<br>San Francisco, CA 94107<br>Phone: (415) 781-7900<br>brian.harrison@sedgwicklaw.com<br>christina.ahn@sedgwicklaw.com<br><br>ATTORNEYS FOR DEFENDANT |