# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 12-cv-01830-CMA-MEH

COLORADO MILLS, LLC, a Colorado limited liability company,

    Plaintiff,

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania insurer,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1. In this proceeding, the parties shall be producing documents and disclosing information that contain or may be deemed by a party as containing confidential business, financial and other information. This Stipulated Protective Order shall govern the production, disclosure, maintenance, and use of all information or documents deemed confidential by a party. This Stipulated Protective Order shall be applicable to: all depositions (including exhibits); documents produced in response to discovery requests, formal or otherwise, or related to initial disclosures; answers to interrogatories; responses to requests for admissions; and all other discovery taken; as well as submissions to the

Court; testimony given at trial, or during a hearing; and other materials or information produced in this matter.

2. As used in this Stipulated Protective Order, the term "document" shall include any writings, drawings, graphs, charts, emails, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained. *See* Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. Documents are designated as "Confidential" by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

4. The following restrictions shall apply to documents that are designated "Confidential" by a party or that contain confidential information, to any confidential information, or to testimony containing, discussing, or referring to such information:

    a. If a party wishes for a document, or information contained in a document, to be treated as confidential, the party shall mark the document as "Confidential" as set forth above.

    b. Any document marked as "Confidential" shall be maintained by the party receiving the document (the "nonproducing party") in strictest confidence at all times. Any such document shall not be disclosed or used by the nonproducing party except for the purposes of the above-identified litigation. Notwithstanding the preceding, such confidentiality shall not apply to any document marked as Confidential if the nonproducing party

obtains a determination by this Court that the document is not confidential and does not contain Confidential information.

c.   Access to any document marked "Confidential" received by the nonproducing party shall be restricted to the following persons:

(i)   attorneys actively working on the case;

(ii)   persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(iii)   the parties, including designated representatives for Plaintiff and/or Defendant;

(iv)   expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(v)   this Court and any court personnel with a need to access any such document;

(vi)   stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(vii)   witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is necessary in legitimate discovery or trial purposes, and any person who is being prepared to testify where

counsel has a reasonable and good faith belief that such person will be a witness in this action and that his examination with respect to the document is necessary in connection with such testimony; and

(viii) other persons by written agreement of all the parties.

5. Prior to disclosing any Confidential information to any person listed in paragraphs 4(c)(iv) and (vii)-(viii) above, counsel shall provide such person with a copy of this Stipulated Protective Order and obtain from such person a written acknowledgment (in the form attached hereto as Exhibit A) stating that he or she has read this Stipulated Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by this Court if good cause for review is demonstrated by opposing counsel. The parties agree that should any person listed in paragraphs 4(c)(iv) and (vii)-(viii) above refuse to sign an acknowledgment, counsel will not show any Confidential documents or share any Confidential information with such person and will seek this Court's involvement to compel compliance with this Stipulated Protective Order.

6. Any testimony in which Confidential information is likely to be referred to or disclosed shall be subject to the following restrictions: (i) only persons who are authorized by paragraph 4(c) of this Stipulated Protective Order to have access to Confidential information shall be permitted to attend the proceeding in which such testimony occurs; (ii) at any time in the proceeding, any party may declare that the testimony being given is Confidential; (iii) if the testimony is declared Confidential, the reporter or other person transcribing the testimony shall mark all copies of transcripts

4

Confidential, and such transcript shall be treated as Confidential documents or documents containing Confidential information pursuant to the terms of this Stipulated Protective Order.

8. Whenever a deposition involves the disclosure of Confidential information, the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. In the event that a non-party or another party produces documents that a party wishes to designate as Confidential, the party wishing to make that designation must do so within fifteen (15) business days of receipt, and identify the Confidential document(s) or Confidential Information by bates label or, where not bates labeled by document title and page number(s). The non-designating parties shall thereafter mark the document or information in the manner requested by the designating party and thereafter treat the document in accordance with such marking. However, any use by the non-designating party made before a post-production designation will not be a violation of this Stipulated Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation, so long as the non-designating party notifies the designating party of the prior disclosure and explains the reasonable steps taken by the non-designating party to retrieve materials it

5

disseminated prior to the designation and to otherwise come into conformance with the new designation.

10. Production of any document or materials without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as its proper designation nor will it prevent the producing party from designating said documents or materials "Confidential" at a later date. However, any use by the receiving party made before a post-production designation will not be a violation of this Stipulated Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation, so long as the non-designating party notifies the designating party of the prior disclosure and explains the reasonable steps taken by the non-designating party to retrieve materials it disseminated prior to the designation and to otherwise come into conformance with the new designation.

11. A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion within five (5) business days after the conclusion of that 10-business day window requesting that this Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. Once such a motion is filed, the disputed information shall be treated as Confidential under the terms of this Stipulated

Protective Order until this Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential shall be returned to the party that designated it Confidential, or the parties may elect to destroy Confidential documents. Where the parties agree to return Confidential documents, the returning party shall provide all parties with an affidavit confirming that all Confidential documents have been returned. Where the parties agree to destroy Confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction of all Confidential documents.

13. By agreeing to the entry of this Stipulated Protective Order, the parties hereto adopt no position as to the confidentiality or admissibility of documents produced subject to this Stipulated Protective Order.

14. This Stipulated Protective Order may be modified by this Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated: November _____, 2012.        ALLEN & VELLONE, P.C.


                                      By: *s/ Antonio L. Converse*
                                      Patrick D. Vellone
                                      Jordan Factor
                                      Antonio L. Converse
                                      1600 Stout Street, Suite 1100
                                      Denver, Colorado 80202
                                      Tel.: 303.534.4499
                                      pvellone@allen-vellone.com
                                      jfactor@allen-vellone.com
                                      aconverse@allen-vellone.com

                                      ATTORNEYS FOR COLORADO MILLS, LLC


Dated: November _____, 2012.        HALL & EVANS, LLC


                                      By:   *s/ Lisa F. Mickley*
                                      John E. Bolmer II
                                      Lisa F. Mickley
                                      Erin K. Young
                                      1125 17th Street, Suite 600
                                      Denver, CO 80202
                                      Tel.: 303.628.3300
                                      bolmerj@hallevans.com
                                      mickleyl@hallevans.com
                                      younge@hallevans.com

                                      ATTORNEYS FOR PHILADELPHIA INDEMNITY
                                      INSURANCE COMPANY

8

Dated:  November _____, 2012.        SEDGWICK LLP


By: *s/ Brian D. Harrison*
Brian D. Harrison
Christina Y. Ahn
333 Bush Street, 30th Floor
San Francisco, CA 94104
Tel.: 415.781.7900
brian.harrison@sedgwicklaw.com
christina.ahn@sedgwicklaw.com

ATTORNEYS FOR PHILADELPHIA INDEMNITY
INSURANCE COMPANY


Dated at Denver, Colorado, this 27th day of November, 2012.


BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

## **EXHIBIT A**

I, _____, declare that:

      1.    My _____ address is _____ _____.

      2.    My present occupation is _____, and I am currently employed by _____ _____.

      3.    I have received a copy of the Stipulated Protective Order in this Litigation, and have carefully read and understand its provisions.

      4.    I will comply with all of the provisions of the Stipulated Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulated Protective Order and will not copy or use for purposes other than for this lawsuit, any information designated Confidential, which I receive in this Litigation, except to the extent that such Confidential information shall no longer be deemed to be Confidential in accordance with the Stipulated Protective Order.

      5.    I declare under the penalty of perjury that the foregoing is true and correct.

Executed:

_____
Signature

_____
Print Name

_____
Dated