IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01830-CMA-MEH

COLORADO MILLS, LLC, a Colorado limited liability company,

      Plaintiff,

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania insurer,

      Defendant.

---

## ORDER ON MOTION TO COMPEL

---

**Michael E. Hegarty, United States Magistrate Judge**.

Plaintiff has filed a Motion to Compel [filed March 12, 2013; docket #47], which has been referred to this Court for disposition [docket #48]. The matter is fully briefed, and the Court finds that oral argument will not assist in adjudication of the motion. For the reasons that follow, the Court **grants in part** and **denies in part** the motion to compel.

## BACKGROUND

Plaintiff initiated this action on July 12, 2012. Essentially, Plaintiff alleges that Defendant, in bad faith, breached its duty to defend and/or advance defense fees in connection with covered claims asserted against the Plaintiff. Defendant counters that its decision to deny was correct in that the claim was not first made during the policy period as required and Plaintiff made material misrepresentations in the application for insurance.

In the present motion, Plaintiff seeks complaints made by the Defendant's insureds, which allege failure to defend, failure to advance defense fees or failure to reimburse defense fees for the period January 1, 2008 to the present. Plaintiff requests copies of these complaints from the

Defendant in its Request for Production ("RFP") No. 7. Plaintiff contends that it needs the requested complaints for the discovery and adjudication of its claim against Defendant for a violation of the Colorado Consumer Practices Act ("CCPA"), for which Plaintiff alleges Defendant's claims review process was devised to delay coverage decisions and ultimately disclaim coverage of claims made by its insureds.

With respect to this matter, the Court finds the following facts are necessary to consider in evaluating the motion. On December 8, 2010, Plaintiff filed a claim with Defendant seeking reimbursement of its defense fees and costs pursuant to the applicable insurance policy for the prosecution and defense of the underlying civil claims to be adjudicated in an arbitration and for the bankruptcy proceedings involving a related entity, Colorado Sun Oil Processing ("CSOP"). Complaint, ¶¶ 14-18, docket #4. The Defendant retained Sedgwick, Detert, Moran & Arnold LLP ("Sedgwick") to investigate whether the claims were covered under the policy. On March 21, 2011, Sedgwick issued a letter informing the Plaintiff that Defendant denied coverage for the bankruptcy proceeding, but, under a reservation of rights, would reimburse defense costs for the arbitration involving the counterclaims against the Plaintiff. Docket #55-6. Later, on June 30, 2011, Sedgwick issued a letter informing Plaintiff that Defendant denied coverage for the tendered claims. Complaint, ¶ 22, docket #4.

Defendant opposes the Plaintiff's present motion arguing that it has properly objected to the request based upon relevance and undue burden. Specifically, Defendant asserts Plaintiff's CCPA claim has no factual support and the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff replies that Defendant's own document belies the information provided in a declaration attached to Defendant's response concerning burden and expense. Upon review of the

2

motion, the briefing and the attachments, the Court is now fully advised as to the matters raised and

finds as follows.

## DISCUSSION

### I.    Legal Standard

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to
> any party's claim or defense – including the existence, description, nature, custody,
> condition, and location of any documents or other tangible things and the identity
> and location of persons who know of any discoverable matter.  For good cause, the
> court may order discovery of any matter relevant to the subject matter involved in
> the action.  Relevant information need not be admissible at the trial if the discovery
> appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1) (2012).  Generally, the party objecting to discovery as irrelevant must

establish that the requested discovery does not fall under the scope of relevance as defined in Fed.

R. Civ. P 26(b)(1).  *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004).

### II.   Analysis

As a threshold matter, the Court finds that Plaintiff has met the conferral requirements set

forth in Fed. R. Civ. P. 37 and D.C. Colo. LCivR 7.1A.  The fact that Plaintiff did not include a

"certificate" of conferral is of no import; Rule 7.1A allows a statement describing efforts to confer

to be included in the motion, and the Plaintiff has complied.  Further, defense counsel made it clear

in communications with Plaintiff's counsel, and in its responses to discovery requests, that

Defendant believes discovery of other insureds' complaints concerning payment of defense fees is

irrelevant and overly burdensome in this case.  Although the Court agrees that Plaintiff could have

explained more clearly to Defendant its request that Defendant reconsider the objections to RFP No.

7, the Court finds Plaintiff's description of the parties' efforts to resolve the issue without court

3

action sufficient to meet conferral requirements.

In this case, Defendant primarily objects to Plaintiff's CCPA-based discovery requests as irrelevant and unlikely to lead to the discovery of admissible evidence. The Court broadly construes relevancy, and a request for discovery should be considered relevant if it is possible that the information sought may be relevant to the claim or defense of any party. *Bonanno v. Quizno's Franchise Co.*, 255 F.R.D. 550, 552 (D. Colo. 2009). When the requested information appears to be relevant, the party objecting to the discovery has the burden to establish the information is irrelevant by demonstrating the information does not come within the scope of relevance as defined by Fed. R. Civ. P. 26(b)(1), or is of such marginal relevance that the harm in producing the information outweighs the presumption in favor of broad disclosure. *Id.* (citing *Simpson*, 220 F.R.D. at 359). "Conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Hammond v. Lowe's Home Ctrs. Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003); *see also Bonanno*, 255 F.R.D. at 553.

First, however, the party moving to compel discovery must prove that the opposing party's answers are incomplete. *Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009) (citing *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221 (10th Cir. 1976) ("appellees had the burden of proving the answer to their interrogatory was indeed incomplete")); *see also Continental Ins. Co. v. McGraw*, 110 F.R.D. 679, 682 (D. Colo. 1986) (the burden of proof lies with the proponent to prove answers are incomplete, inadequate, or false).

Here, the Court will proceed to determine whether the Plaintiff has shown that Defendant's response to RFP No. 7 is incomplete and, if so, whether relevancy of the request is readily apparent.

If the Plaintiff meets these obligations, the Court will determine whether the Defendant has shown the documents sought by RFP No. 7 are not relevant in this matter or, if relevant, are overly burdensome to produce.

A.    Plaintiff's Showing

The Plaintiff's RFP No. 7 and the Defendant's response to the request are set forth as follows:

RFP No. 7: A copy of all complaints filed against You from January 1, 2008 to the Present by one of Your insureds alleging failure to defend, failure to advance defense fees, or failure to reimburse defense fees.

Response: Philadelphia objects to this request on the grounds that it seeks the identification and production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Philadelphia further objects to this request on the grounds that it requests information protected by a third party's or parties' right of privacy. Philadelphia further objects to this request on the grounds that it is vague, ambiguous, and overly broad as to time and scope as to the meaning of "all complaints."

Defendant's Responses to First Set of Requests for Production of Documents, docket #47-2 at 8. It is undisputed that Defendant produced no documents in response to the request, and Defendant does not assert that it has no documents in response to the request.  Thus, Plaintiff has shown that Defendant's response to the request may be incomplete in this matter, depending upon the Court's analysis below.

Further, Plaintiff contends that it requires the documents sought by RFP No. 7 for discovery of its claim for a violation of the CCPA against Defendant.  In its Complaint, Plaintiff alleges in pertinent part,

50.    Philadelphia's unreasonable denial of benefits is ... an unfair and deceptive act and practice in trade or commerce, in violation of C.R.S. § 6-1-101 *et seq.*

51.    On information and belief, Philadelphia's deceptive act and practice has

5

significantly impacted the public as actual and potential consumers of Philadelphia's insurance products, because it sells policies to the public at large. Philadelphia then interprets those policies so as to deny coverage where a reasonable reading of those policies would provide for coverage. This practice constitutes a special injury to the public as well as to Colorado Mills.

Complaint, docket #4 at 6. To prove a deceptive trade practices claim under the CCPA, a plaintiff must establish:

(1) that the defendant engaged in an unfair or deceptive trade practice;

(2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation;

(3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property;

(4) that the plaintiff suffered injury in fact to a legally protected interest; and

(5) that the challenged practice caused the plaintiff's injury.

*R.W. Beck, Inc. V. E3 Consulting, LLC*, 577 F.3d 1133, 1149 (10th Cir. 2009) (quoting *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003) (internal quotation marks omitted)). A CCPA claim differs from a breach of contract or common law fraud claim in that it "requires a claimant to prove a public impact element not present in breach of contract or common law fraud [claims]." *James River Ins. Co. v. Rapid Funding, LLC*, No. 07-cv-01146-CMA, 2009 WL 524994, at *5 (D. Colo. Mar. 4, 2009) (citing *Netquote, Inc. v. Byrd*, 504 F. Supp. 2d 1126, 1136 (D. Colo. 2007)). To determine whether a challenged practice "significantly impacts the public," Colorado courts consider "(1) the number of consumers directly affected by the challenged practice, (2) the relative sophistication and bargaining power of the consumers affected by the challenged practice, and (3) evidence that the challenged practice has previously impacted other consumers or has the significant potential to do so in the future." *Rhino Linings USA, Inc.*, 62

6

P.3d at 149.

Here, considering the necessity to show "public impact" to prove a CCPA violation, the Court concludes that the relevancy of Plaintiff's request for copies of complaints by Defendant's customers regarding failure to advance or reimburse defense fees[1] is readily apparent concerning Plaintiff's claim that Defendant "interprets ... policies so as to deny coverage where a reasonable reading of those policies would provide for coverage."  Furthermore, the Court overrules Defendant's objection to the request as irrelevant or vague "as to the meaning of 'all complaints'" since Plaintiff specifically identifies the type of complaint it seeks from the Defendant – the failure to advance or reimburse defense fees.

However, the Court does not find relevance readily apparent in Plaintiff's request for complaints dating back to January 1, 2008, nearly three years before the Plaintiff tendered its claim with Defendant.  Although, to prove a CCPA claim, a plaintiff must come forward with "evidence that the challenged practice has previously impacted other consumers," seeking information for three years prior to the filing of the complaint is excessive.  Rather, the Court finds relevance readily apparent for a request seeking information two years prior and two years after the tender of the insurance claim.  *See Rhino Linings USA, Inc.*, 62 P.3d at 149 (to determine the "public impact" requirement of a CCPA claim, courts must consider evidence that the challenged practice has

---

[1]The Court notes that RFP No. 7 requests copies of complaints alleging a failure to defend; however, briefing previously filed in this case indicates that coverage under the policy provides only for the advancement or reimbursement of defense fees.  This information indicates that a "failure to defend" may be different than a "failure to pay defense fees/costs."  In fact, Plaintiff specifies in the present briefing that it seeks "only evidence of complaints made against Philadelphia arising from a specific act – failure to pay defense fees."  Reply, docket #63 at 2.  Therefore, the relevance of the request is not readily apparent for complaints concerning a failure to defend, but only to the extent that a failure to defend is materially different from a failure to pay defense fees.

*previously impacted other consumers or has the significant potential to do so in the future*) (emphasis added).   Thus, the Court finds relevant a request for copies of written complaints concerning Defendant's failure to advance or reimburse defense fees filed by Defendant's customers from January 1, 2009 to January 1, 2013.

      B.    <u>Defendant's Showing</u>

      Defendant contends that Plaintiff has "presented no evidence in support of its allegations" underlying the CCPA claim, and devotes a majority of its response setting forth its own version of the facts of this case. *See* Response, docket #61 at 1-2.   Defendant argues that, because the facts are not as Plaintiff alleges, Plaintiff's request for discovery "amount[s] to nothing more than a fishing expedition" and is irrelevant.   Further, Defendant asserts that the burden and expense of the proposed discovery outweighs its likely benefit.

      1.    Relevance

      In adjudicating a motion to compel, it is not appropriate for the Court to determine the merits of the case – i.e., whether the Plaintiff's allegations are true.   Rather, the Court may order "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."   Fed. R. Civ. P. 26(b)(1).   Here, as set forth above, the Court finds relevant Plaintiff's modified RFP No.7 for copies of complaints made by Defendant's customers concerning the advancement or reimbursement of defense fees/costs from January 1, 2009 to January 1, 2013.   Other than disputing Plaintiff's allegations, the Defendant makes no argument that the information sought by RFP No. 7 is irrelevant to Plaintiff's CCPA claim.

      The Colorado Supreme Court has found that, "the CCPA applies to the acts or practices of insurance companies .... [W]e hold that an insured may maintain an action against its insurer for bad

faith handling of the insured's claim under the CCPA." *Showpiece Homes Corp. v. Assurance Co. of Am.*, 38 P.3d 47, 53, 58 (Colo. 2001).  Defendant concedes this point, but cites to the Colorado Supreme Court's opinion in *Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 156 (Colo. 2007) for the proposition that "the fact that an insurer and an insured have a dispute over a claim does not necessarily mean that other members of the public are or have been affected by the insurer's practices." Reply, docket #61 at 13.  To the extent the Defendant's citation is meant to challenge Plaintiff's showing of relevance concerning the "public impact" element of the *Rhino Linings* factors, the Court notes that the *Brodeur* court upheld the appellate court's finding that "the trial court did not permit adequate discovery of Respondent's internal claim processing practices that may have allowed Petitioner to show an impact on the public" and remanded the matter "for further proceedings, including discovery." *Brodeur*, 169 P.3d at 155, 156.

The Court concludes that the Defendant has failed to demonstrate that the documents requested in RFP No. 7, as modified by the Court, are irrelevant to the Plaintiff's CCPA claim.

2.      Undue Burden

Defendant objects to the production of documents sought by RFP No. 7 as overly broad and unduly burdensome, "as the burden or expense of the proposed discovery outweighs its likely benefit." Response, docket #61 at 14.  As pertains to this matter, Fed. R. Civ. P. 26(b)(2)(C) provides, in pertinent part,

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: ...

> (iii)   the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Unless the challenged discovery is unduly burdensome on its face, a party seeking protection based upon undue burden or expense must submit affidavits or otherwise explain in detail the nature and extent of the claimed burden or expense. *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 537 (D. Kan. 2003) (citing *White v. Wirtz*, 402 F.2d 145, 148 (10th Cir. 1968) (defendant's failure to submit affidavit showing why answering interrogatories was an undue burden justified trial court's refusal to enter protective order)); *see also Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 (D. Kan. 2005) (the party asserting an undue burden objection "has the burden to show not only undue burden or expense, but that the burden or expense is unreasonable in light of the benefits to be secured from the discovery," and must "provide an affidavit or other evidentiary proof of the time or expense involved").

Here, the Defendant attaches a "Declaration of Susan Shue" in support of Defendant's opposition to the present motion. *See* Declaration of Susan A. Shue, April 2, 2013 ("Shue Declaration"), docket #61-2. Ms. Shue is a Senior Professional Liability Claims Examiner for the Defendant, who is responsible for the handling of the Plaintiff's claim for insurance benefits tendered to the Defendant in December 2010. *Id.*, ¶¶ 1, 2. Ms. Shue attests that the "only manner" in which Philadelphia could determine whether a complaint alleges a failure to pay defense fees is to "manual[ly] review [ ] each claim file to determine if such a complaint has been made." *Id.*, ¶ 9. Ms. Shue asserts that review of the 350-400 claims per year that she receives, times the requested period of five years, would take approximately 1,750 to 2,000 hours to complete review of her claims files. *Id.*, ¶ 11.

Plaintiff replies that Ms. Shue's information appears to be contradicted somewhat by an application for "professional liability insurance" executed by Defendant on August 11, 2011 stating

10

that, in the last twelve months, Defendant had received 95 complaints by clients/policyholders and, in the previous twelve months, Defendant had received 95 complaints.  Reply, docket #63 at 7; Renewal Application for Insurance Company, docket #63-6 at 4.  Thus, Plaintiff argues that it likely took significantly less time than that anticipated by Ms. Shue to identify complaints made by Defendant's insureds for purposes of completing the insurance application.

The Court must agree with Plaintiff.  It appears from the application that Defendant was able to identify the "number of complaints by clients/policyholders" for the "last twelve (12) months" and the "previous twelve (12) months" as 95 each under a section titled, "Insurance Agents."  The document does not explain the type of complaints it seeks by this question, and it does not seek information concerning "complaints" in any other section of the document.  Nevertheless, this information indicates that the Defendant was able to identify "complaints [made] by clients/policyholders" on an annual basis for purposes of completing the application.  Thus, the Court finds that a manual review of 95 complaints[2] per year for four years, totaling 380 complaints, to determine whether any of them allege a failure to pay defense fees is neither unduly burdensome nor overly expensive.

3.      Privacy

In its response to RFP No. 7, Defendant objects "on the grounds that it requests information protected by a third party's or parties' right of privacy."  *See supra* at 5.  However, Defendant makes no argument in its Response to the present motion regarding this objection, except in part as a means to argue that Plaintiff failed to meet and confer, and by noting in Ms. Shue's declaration that

---

[2]Certainly, it cannot be disputed that manual review of a "complaint" as opposed to an entire "claims file" would take significantly less time to complete.

obtaining waivers from clients would be unduly burdensome. The Court agrees with the Plaintiff that Defendant has not articulated why the Stipulated Protective Order filed in this case does not provide a sufficient means to protect the privacy of any confidential information that may be disclosed during production in response to RFP No. 7. Further, it appears that the Plaintiff consents to redaction of confidential information, including client's names and other identifying information, to the extent such redactions do not interfere with the purpose underlying production of complaints responsive to RFP No. 7. The Court agrees that such redactions are proper and, without opposition from Defendant, finds they would not be unduly burdensome.

## III.   Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that the Plaintiff's Motion to Compel [filed March 12, 2013; docket #47] is **granted in part** and **denied in part** as set forth herein. Defendant shall produce documents responsive to RFP No. 7 as set forth in this order on or before April 29, 2013. All requests for attorney's fees are denied pursuant to Fed. R. Civ. P. 37(a)(5)(C).

Dated at Denver, Colorado, this 15th day of April, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge